IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER GOODVINE, | |
| PLAINTIFF, | |
| V. | CASE NO.: |
| MILWAUKEE COUNTY, | JURY TRIAL DEMANDED |
| WELLPATH LLC, | |
| JOHN AND JANE DOE NURSES NOS. 1-12, | |
| AND DOE ON-CALL DOCTORS/PRE- | |
| SCRIBERS NOS. 1-2, | |
| DEFENDANTS. | |

CIVIL RIGHTS COMPLAINT
UNDER 42 USC 1983

## I. JURISDICTION AND VENUE

1. THIS IS A CIVIL RIGHTS COMPLAINT AND ACTION BROUGHT PURSUANT 42 U.S.C. § 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, RIGHTS SECURED BY THE U.S. CONSTITUTION. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1343(a)(3); AND SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS UNDER 28 U.S.C. § 1367.

2. Venue in this court is proper under 28 U.S.C. § 1391(b), as it is where the claims giving rise to this action occured.

## II. Parties

Plaintiff Christopher Goodvine is an inmate at the Columbia Corr. Inst. (CCI) and at all times relevant to the complaint was so confined with the exception of his stays at MCJ on 'writs'.

Defendant Milwaukee County is a county and political subdivision of the State of Wisconsin. This county assumed custody and care of the plaintiff into its Milwaukee County Jail during his transfers there on 'writs'.

Defendant Wellpath LLC, a corporation specializing in the provision of medical care to incarcerated individuals, at all times relevant, contracted with Milwaukee County to provide medical care to those in the county's custody.

All Doe Defendants, Nos. 1-12 and On-Calls Nos. 1-2, were hired by Wellpath LLC and MCJ to provide direct care to MCJ detainees.

## III. Allegations

3. Goodvine has ulnar neuropathy, cubital tunnel, metatarsalgia, and experiences daily, intense pain as a result of these con-

ditions.

4. To manage the pain related to his neuropathy, during the times relevant to the claims hereunder, Goodvine was prescribed Lyrica, a Scheduled V controlled substances, that was a huge source of pain relief.

5. During this time, Goodvine — who is an inmate in the Wisconsin Department of Corrections — was confined at the Columbia Corr. Inst. in Portage, WI, and a defendant in Milwaukee County Case No. 21CF452, requiring his frequent attendance at hearings. This meant he was transported to Milwaukee County Jail ("MCJ") on writs and housed during the pendency of the proceedings. Sometimes, he'd be housed up to a week at MCJ.

6. Under Wisconsin Statutes, when a prisoner is transferred from one facility to another, including jails, the transferring facility must provide relevant healthcare information to the receiving facility. See Wis. Stat. § 302.388. To comply with this law, WDOC sends a Health Transfer Summary (HTS) or DOC-2077 form, to ensure continuity of care for its prisoners who leave for court appearances. Along with this HTS, the WDOC sends a complete list of all current medications the inmate is prescribed.

7. MCJ AND ITS CONTRACTED HEALTHCARE PROVIDER, WELLPATH LLC, UPON INFORMATION AND BELIEF, ROUTINELY DENIED INMATES TRANSFERRING FROM PRISON ON WRITS ACCESS TO NARCOTIC MEDICATIONS PRESCRIBED FOR THE TREATMENT OF SERIOUS CONDITIONS.

8. IN GOODVINE'S CASE, HE WAS TOLD BY WELLPATH LLC TRIAGING NURSES IN AUGUST AND SEPTEMBER OF 2023, UPON BEING TRIAGED INTO THE JAIL, THAT THE JAIL AND WELLPATH LLC DID NOT CARRY THE LYRICA ON ITS FORMULARY AND WOULD NOT BE DISPENSING IT TO GOODVINE.

9. ON AUGUST 17, 2023 GOODVINE WAS ADMITTED TO MCJ FROM COLUMBIA CORR. INST. WITH A PROPERLY EXECUTED HTS (DOC-2077 FORM) WHICH WAS DULY DELIVERED TO THE TRIAGING NURSE BY THE TRANSPORTING OFFICERS.

10. JANE/JOHN DOE NURSES 1-2, THE TRIAGING BOOKING ROOM NURSE AND THE SHIFT/CHARGE NURSE, REFUSED TO ENSURE THE CONTINUITY OF CARE FOR GOODVINE'S NEUROPATHY BY ENSURING HIS LYRICA WAS DISPENSED TO HIM WHILE AT MCJ.

11. DOE SHIFT/CHARGE NURSE STATED HE WOULD ASK THE ON-CALL DOCTOR IF GOODVINE COULD HAVE ACCESS TO HIS LYRICA, WHICH THE ON-CALL DENIED. CONSEQUENTLY, GOODVINE SUFFERED INTENSE PAIN WHILE AT MCJ.

12. DESPITE DOE NURSES BEING AWARE THAT GOODVINE HAD PAINFUL NEUROPATHY — GOODVINE INFORMED THEM OF HIS CONDITIONS AND PAIN

SYMPTOMS — THESE NURSES AND THE ON-CALL PRESCRIBER FAILED TO EVEN PRESCRIBE OR PROVIDE A SUBSTITUTE FOR THE LYRICA. MOREOVER, THE JAIL, WELLPATH LLC AND DOE DEFENDANTS WOULD NOT EVEN INCREASE THE DOSAGE AND FREQUENCY OF THE TYLENOL GOODVINE WAS ALSO PRESCRIBED IN LIEU OF THE LYRICA.

13. THE DEFENDANTS WERE AWARE THAT LYRICA IS HABIT-FORMING AND THAT SUDDEN CESSATION WITHOUT TAPERING LIKELY WOULD LEAD TO WITHDRAWAL SYMPTOMS. IN GOODVINE'S CASE, AFTER A FEW DAYS OF NOT TAKING THE LYRICA HE BEGAN EXPERIENCING PAINFUL WITHDRAWAL SYMPTOMS, MIGRAINES, DIARRHEA, SLEEPLESSNESS, COLDSWEATS, ETC. THE PLAINTIFF WAS WITHOUT HIS LYRICA UNTIL HE RETURNED TO CCI SOME EIGHT DAYS LATER.

14. AGAIN, ON OR ABOUT SEPTEMBER 18, 2023 GOODVINE WAS RETURNED TO MCJ WHERE HE REMAINED FOR APPROXIMATELY ONE WEEK. DURING THE FIRST FOUR DAYS, HE DID NOT RECEIVE LYRICA. FORTUNATELY, MILWAUKEE CORPORATE COUNSEL, CHRISTOPHER MORGAN, WHOM GOODVINE HAD BEEN IN CONTACT WITH ABOUT THIS ISSUE, INTERCEDED ON GOODVINE'S BEHALF.

15. TRIAGING BOOKING ROOM NURSE (DOE) AND SHIFT/CHARGE NURSE WERE MADE AWARE VIA HTS (DOC-2077 FORM) AND GOODVINE OF HIS NEUROPATHY AND LYRICA PRESCRIPTION. BOTH PROMISED TO INFORM ON-CALL PRESCRIBER WHO — GOODVINE WAS LATER TOLD — HAD PUT HIS LYRICA ON "HOLD". DOE NURSES 3-4 AND ON-CALL

15. PRESCRIBER WERE AWARE THAT GOODVINE WOULD SUFFER PAIN AND WITHDRAWALS WITHOUT HIS LYRICA, WHICH HE DID, INTENSELY SO.

16. DURING HIS AUGUST AND SEPTEMBER STAYS AT MCJ, JANE DOE NURSES 5-12 WOULD SPEAK WITH GOODVINE DURING MEDICATION PASS. EACH TOOK NO STEPS TO TREAT HIS NEUROPATHY AND WITHDRAWAL SYMPTOMS. THEY NEITHER INCREASED OR SOUGHT TO HAVE INCREASED THE DOSAGE OF HIS TYLENOL OR TO HAVE A SUBSTITUTE FOR THE LYRICA DISPENSED.

## IV. LEGAL CLAIMS

17. PLAINTIFF INCORPORATE BY REFERENCE ¶¶ 1-16, ABOVE, AS IF FULLY STATED HEREUNDER.

### 1ST CAUSE OF ACTION

18. JOHN/JANE DOE NURSES 1-2 AND 5-8, AS WELL AS ON-CALL DOCTOR/PRESCRIBER NO. 1, WERE DELIBERATELY INDIFFERENT TO GOODVINE'S SERIOUS MEDICAL NEEDS WHEN THEY ADMITTED HIM INTO THE JAIL WITHOUT HIS LYRICA AND TOOK NO STEPS TO TREAT HIS PAIN FROM WITHDRAWALS OR NEUROPATHY, IN VIOLATION OF HIS RIGHTS UNDER THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION.

### 2ND CAUSE OF ACTION

19. John/Jane Doe Nurses 3-4 and 9-12, were — along with on-call doctor/prescriber No. 2 — deliberately indifferent to Goodvine's serious medical needs when they admitted him into the Jail without his Lyrica and took no steps to treat his pain from neuropathy and withdrawals, in violation of his rights under the Eighth Amendment to the U.S. Constitution.

### 3RD CAUSE OF ACTION 3

20. Defendants Milwaukee County and Wellpath LLC maintained a practice, policy or custom of routinely denying inmates admitted to its Jail and care while at the Jail access to medications previously prescribed and deemed necessary to manage pain from serious medical conditions, and of denying inmates admitted to its Jail and care continuity of care for serious conditions being treated with narcotic medications, in violation of Goodvine's rights under the Eighth Amendment to the U.S. Constitution.

### 4TH CAUSE OF ACTION

21. Incorporating and realleging ¶¶ 1-20, above, Goodvine moves the Court to take supplemental jurisdiction of his state law claims of negligence/malpractice and custodial negligence by Milwaukee County, Wellpath LLC, and all Doe Defendants for the acts described above and which did cause

him to suffer significant pain and discomfort while under their care.

## RELIEF REQUESTED

WHEREFORE, the plaintiff request the following relief:

1) Compensatory and punitive damages in an amount to be determined at trial;

2) All fees, costs associated with this matter, and any other relief this court deems just and equitable.

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. § 1746, I, Christopher Goodvine, swear the foregoing is true and correct.

This 5th day of June, 2024.

CL

Christopher Goodvine
Columbia Corr. Inst.
Box 900
Portage, WI 53901