UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                     Plaintiff,

v.                                             Case No. 24-cv-702-pp

MILWAUKEE COUNTY, *et al.*,

                     Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND GRANTING PLAINTIFF'S MOTION FOR SCREENING ORDER (DKT. NO. 10)**

---

        Plaintiff Christopher Goodvine, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1. Because this order screens the complaint, the court will grant the plaintiff's motion for screening order. Dkt. No. 10.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 18, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $316.26. Dkt. No. 6. The court received that fee on July 2, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff alleges that he experiences daily, intense pain as a result of his ulnar neuropathy, metatarsalgia and cubital tunnel medical conditions. Dkt. No. 1 at ¶3. He states that to manage the pain related to his neuropathy, he was prescribed Lyrica, a controlled substance that was a huge source of pain relief. Id. at ¶4.

During the events described in the complaint, the plaintiff allegedly was incarcerated at Columbia Correctional Institution, a Wisconsin Department of

Corrections (DOC) institution, and he was transferred to the Milwaukee County Jail for court dates. Id. at ¶5. He says that under Wisconsin Statute §302.388, when an incarcerated individual is transferred to another facility (including jails), the transferring facility must provide relevant healthcare information to the receiving facility. Id. at ¶6. According to the plaintiff, to comply with this law, the DOC sends a health transfer summary (HTS) to ensure the continuity of care for its incarcerated individuals who leave for court appearances. Id. The HTS allegedly includes a list of current prescribed medications. Id.

The plaintiff alleges that "the [Milwaukee County Jail] and its contracted healthcare provider, Wellpath, LLC, upon information and belief, routinely denied inmates transferring from prison on writs access to narcotic medications prescribed for the treatment of serious conditions." Id. at ¶7.

On August 17, 2023, the plaintiff allegedly was admitted to the jail from Columbia with a properly executed HTS that the transporting officers delivered to the triage nurse. Id. at ¶9. The plaintiff states that defendants Jane/John Doe Nurses 1-2—the triaging booking room nurse and the shift/charge nurse—"refused to ensure the continuity of care for [the plaintiff's] neuropathy by ensuring his Lyrica was dispensed to him while at [the jail]." Id. at ¶10. The Doe shift/charge nurse allegedly said he would ask the on-call doctor if the plaintiff could have his Lyrica, but the on-call doctor (presumably, defendant Dr. Doe 1) denied the request. Id. at ¶11. The plaintiff states that as a result, he suffered intense pain while at the jail. Id. The Doe nurses allegedly knew the plaintiff had painful neuropathy, but these nurses and the on-call prescriber

failed to provide a substitute for the Lyrica. Id. at ¶12. The plaintiff alleges that the jail, Wellpath and the Doe defendants would not even increase the dosage and frequency of the Tylenol he was prescribed in lieu of Lyrica. Id.

The plaintiff alleges that after a few days of not taking Lyrica, he began to experience painful withdrawal symptoms including migraines, diarrhea, sleeplessness and cold sweats. Id. at ¶13. He says that he did not take Lyrica until he returned to Columbia, eight days later. Id.

On September 18, 2023, the plaintiff allegedly returned to the jail and for the first four days there, he did not receive Lyrica. Id. at ¶14. The plaintiff states that fortunately, Milwaukee County Corporation Counsel Christopher Morgan, with whom he had communicated about the issue, interceded on his behalf. Id. The plaintiff says that he remained at the jail for about a week. Id. The plaintiff alleges that the Doe triaging booking room nurse and the Doe shift/charge nurse knew about his neuropathy and Lyrica prescription from the HTS. Id. at ¶15. They allegedly had promised to inform the prescriber who had put his Lyrica on hold. Id. The plaintiff states that Doe Nurses 3-4 and the on-call prescriber, defendant Dr. Doe 2, knew the plaintiff would suffer pain and withdrawals without his Lyrica, which he did. Id.

The plaintiff alleges that during his August and September stays at the jail, defendants Jane Doe nurses 5-12 spoke with him during medication pass but took no steps to treat his neuropathy and withdrawal symptoms. Id. at ¶16. They allegedly did not increase or try to increase the plaintiff's Tylenol dosage or dispense a substitute for Lyrica. Id.

5

The plaintiff claims that John and Jane Doe nurses 1-2 and 5-8 as well as Dr. Doe 1 (an on-call doctor prescriber) were deliberately indifferent to his serious medical needs when they admitted him to the jail without his Lyrica and took no steps to treat his pain from withdrawals or neuropathy. Id. at ¶18. The plaintiff also claims that John and Jane Doe nurses 3-4 and 9-12 as well as Dr. Doe 2 (on-call doctor prescriber) were deliberately indifferent to his serious medical needs when they admitted him to the jail without his Lyrica and took no steps to treat his pain from neuropathy and withdrawals. Id. at ¶19.

The plaintiff asserts that defendants Milwaukee County and Wellpath "maintained a practice, policy, or custom of routinely denying inmates admitted to its jail and care while at the jail access to medications previously prescribed and deemed necessary to manage pain from serious medical conditions, and of denying inmates admitted to its jail and care continuity of care for serious conditions being treated with narcotic medications." Id. at ¶20. Finally, the plaintiff alleges that the court should exercise supplemental jurisdiction over his state law claims of negligence and malpractice against the defendants. Id. at ¶21.

For relief, the plaintiff seeks compensatory and punitive damages. Id. at page 8.

C.  Analysis

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference

6

to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Cesal, 851 F.3d at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an incarcerated individual's pain. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (citing Estelle, 429 U.S. at 104-05).

The plaintiff alleges that the defendant nurses and doctors denied him adequate treatment for his chronic, painful condition by not prescribing him Lyrica or an alternative. His allegations implicate his rights under the Eighth Amendment against the Doe nurses and doctors in their individual capacities. See Arnett v. Webster, 658 F.3d 742, 753 (7th Cir. 2011) (refusal to provide

7

incarcerated individual with prescribed medication can state an Eighth Amendment claim).

The plaintiff also sues Milwaukee County and Wellpath. To establish liability under Monell v. New York City Dep't of Soc. Services, 436 U.S. 658 (1978), a plaintiff must demonstrate: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." Waters v. City of Chicago, 580 F.3d 575, 581 (7th Cir. 2009) (quoting Estate of Sims *ex rel.* Sims v. County of Bureau, 506 F.3d 509, 515 (7th Cir. 2007)). The complaint does not allege facts to state a claim to relief that is plausible on its face because the plaintiff has not pled facts that support a reasonable inference that Milwaukee County's or Wellpath's policy or custom deprived him of his constitutional rights. See McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (citing Iqbal, 556 U.S. at 678). He makes only the conclusory allegation that jail staff routinely denied individuals transferring to the jail access to narcotic medication, without factual substantiation. The plaintiff has not stated a claim against Milwaukee County or Wellpath, and the court will dismiss these defendants.

Because the plaintiff does not know the names of the John and Jane Doe defendants he is suing, the court will add Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d

8

Case 2:24-cv-00702-PP   Filed 06/05/25   Page 8 of 12   Document 11

548, 556 (7th Cir. 1996). Sheriff Ball is not required to respond to the complaint. After Sheriff Ball's attorney files an appearance in this case, the plaintiff may serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in his or her notice of appearance) to get information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Ball, he must limit his discovery requests to information or documents that will help him learn the real names of the defendants he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the people whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholders. Once the plaintiff identifies the defendants' names, the court will dismiss Sheriff Ball as a defendant. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Ball's attorney appearing. If, by that deadline, he does not either identify the Doe defendants by their real names or provide the court with a

written explanation of why he cannot do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil L. R. 41(c) (E.D. Wis.).

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **GRANTS** the plaintiff's motion for screening order. Dkt. No. 10.

The court **DISMISSES** defendants Milwaukee County and Wellpath LLC.

The court **ORDERS** that Milwaukee County Sheriff Denita Ball shall be named as a defendant for the limited purpose of helping the plaintiff identify the defendants' names. The clerk's office must update the docket accordingly.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendant Ball.

The court **ORDERS** that Sheriff Ball is not required to respond to the complaint, but she must respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Ball is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names **within sixty days of Sheriff Ball's attorney filing an appearance in this case**. If, by that deadline, the plaintiff does not either identify the defendants' names or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$33.74** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 5th day of June, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**