UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,

      Plaintiff,

v.              Case No. 24-cv-702-pp

JOHN AND JANE DOE NURSES, *et al.*,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING MONELL CLAIM AND DENYING AS MOOT MOTION FOR RECONSIDERATION REGARDING STATE LAW CLAIMS (DKT. NO. 12), GRANTING DEFENDANT SHERIFF BALL'S MOTION TO DISMISS (DKT. NO. 15) AND DISMISSING CASE WITHOUT PREJUDICE**

On June 5, 2025, the court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed against John and Jane Doe Nurses and Dr. Doe for allegedly denying him adequate treatment for his painful medical condition by not prescribing him Lyrica or an alternative. Dkt. No. 11 at 7. The court did not allow the plaintiff to proceed on a claim against Milwaukee County or Wellpath, finding that the complaint did not allege sufficient facts to support a reasonable inference that Milwaukee County's or Wellpath's policies or customs deprived him of a constitutional right. Id. at 12. This order grants in part and denies in part the plaintiff's motion for reconsideration, dkt. no. 12, grants defendant Denita Ball's motion to dismiss for lack of diligence, dkt. no. 15, and dismisses the case without prejudice.

I. **Motion for Reconsideration (Dkt. No. 12)**

The plaintiff asks the court to reconsider its screening order and contends that the court erred in not allowing him to proceed against Milwaukee

1

County or Wellpath. Dkt. No. 12. He also asserts that the court erred because it did not say whether it was allowing him to proceed on state law claims. Id.

Motions to reconsider non-final orders are governed by Federal Rule of Civil Procedure 54, which states that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14 C 1727, 2019 WL 1505399 at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

Motions for reconsideration serve a very limited purpose in federal civil litigation: "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

In the complaint, the plaintiff alleged that while incarcerated at Columbia Correctional Institution, a Wisconsin Department of Corrections (DOC)

institution, he was transferred to the Milwaukee County Jail for court dates. Dkt. No. 1 at ¶5. The plaintiff allegedly was transferred to the jail on August 17, 2023, and he alleged that he did not receive the Lyrica medication he was prescribed at the DOC institution. Id. at ¶¶9-13. He allegedly suffered intense pain despite being prescribed Tylenol in lieu of Lyrica. Id. at ¶12. The plaintiff says that he returned to Columbia eight days later, at which time he received Lyrica. Id. at ¶13. He alleges that his second visit to jail was on September 18, 2023, and that for the first four days he did not receive Lyrica. Id. at ¶14. He states that fortunately, after four days, an attorney "interceded" on his behalf. Id. He remained at the jail for about a week, then returned to Columbia. Id.

At screening, the court allowed the plaintiff to proceed on an Eighth Amendment claim against the defendant nurses and doctors who allegedly denied him adequate treatment for his chronic, painful condition by not prescribing him Lyrica or an alternative. Dkt. No. 11 at 7. The court did not allow the plaintiff to proceed against Milwaukee County or Wellpath, stating:

> The plaintiff also sues Milwaukee County and Wellpath. To establish liability under Monell v. New York City Dep't of Soc. Services, 436 U.S. 658 (1978), a plaintiff must demonstrate: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." Waters v. City of Chicago, 580 F.3d 575, 581 (7th Cir. 2009) (quoting Estate of Sims ex rel. Sims v. County of Bureau, 506 F.3d 509, 515 (7th Cir. 2007)). The complaint does not allege facts to state a claim to relief that is plausible on its face because the plaintiff has not pled facts that support a reasonable inference that Milwaukee County's or Wellpath's policy or custom deprived him of his constitutional rights. See McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (citing Iqbal, 556 U.S. at 678). He makes only the conclusory allegation that jail staff routinely denied individuals transferring to the jail access to narcotic medication, without factual substantiation. The plaintiff has not

3

>    stated a claim against Milwaukee County or Wellpath, and the court
>    will dismiss these defendants.

Dkt. No. 11 at 8.

In his motion for reconsideration, the plaintiff contends that the court did not liberally construe his allegations. Dkt. No. 12 at 1. He says that he alleged in the complaint that on two occasions in August and September of 2023, upon being triaged into the jail, Wellpath and jail staff told him that neither the jail nor Wellpath carried Lyrica on their formularies, nor would they be dispensing Lyrica to him. Id. at 2. The plaintiff asserts that the complaint alleged that "upon information and belief, Wellpath, LLC, and Milwaukee County routinely denied prisoners access to narcotics prescribed for the treatment of serious medical conditions and deemed necessary for the treatment thereof[.]" Id. The plaintiff contends that he stated a claim "under this theory and the theory that in restricting his access to previously prescribed medications necessary to manage his pain, the defendants denied him continuity of care for his serious conditions." Id.

The court reiterates that the plaintiff has not alleged sufficient facts to support a claim that the jail had a policy or practice of denying pain medication to incarcerated persons transferred to the jail. The complaint's allegation that upon information and belief, the jail routinely denies incarcerated individuals access to narcotics is conclusory and does not state a plausible Monell claim. See McCauley v. City of Chicago, 671 F.3d 611, 618-19 (7th Cir. 2011). The plaintiff's assertion that the jail and/or Wellpath staff told him that Lyrica was not on the jail's formulary and that it would not be ordered for him likewise does not state a Monell claim because it does not follow from that alleged statement that there was a practice of denying Lyrica *or alternative pain medications* to incarcerated persons transferred to the jail for brief stays. (The

4

plaintiff was prescribed Tylenol in lieu of Lyrica, but he says that that medication was not effective.) The plaintiff has not shown that the court erred in not allowing him to proceed on a Monell claim against Milwaukee County and/or Wellpath. The court will deny his motion for reconsideration on that basis.

The other basis for the plaintiff's motion for reconsideration is that the court did not state whether he could proceed on any claims under state law. Dkt. No. 12 at 9-10. Although the court acknowledged in the screening order that the plaintiff had *alleged* violations of state law, it inadvertently did not address the state law claims in the section of the screening order describing the claims upon which the plaintiff could proceed. The court would have exercised supplemental jurisdiction over the plaintiff's state law claims of negligence and malpractice against the Doe defendants. See 28 U.S.C. §1367(a). But, as explained in the next section, the court is dismissing this case without prejudice for lack of diligence. So although the court should have addressed the plaintiff's state law claims, it will deny as moot his motion for reconsideration regarding those claims because it is dismissing the case.

## II. Defendant Ball's Motion to Dismiss (Dkt. No. 15)

Defendant Sheriff Denita Ball has filed a motion to dismiss the case as to her for failure to prosecute under Federal Rule of Civil Procedure 41(b), because the plaintiff has not identified the Doe defendants as ordered in the screening order. Dkt. No. 15. The plaintiff has not responded to Sheriff Ball's motion to dismiss.

When the court screened the complaint, it named Sheriff Ball as a defendant for the limited purpose of helping the plaintiff identify the names of the Doe defendants. Dkt. No. 11 at 10. The court ordered that the plaintiff

5

must identify the names of the Doe defendants within sixty days of Sheriff Ball's attorney filing an appearance. Id. The court warned the plaintiff that if by that deadline, the plaintiff did not either identify the defendants' names or advise the court why he was unable to do so, the court could dismiss the case based on the plaintiff's lack of diligence. Id. Counsel for Sheriff Ball appeared on July 8, 2025, so the plaintiff's deadline to identify the Doe defendants was September 8, 2025. The plaintiff has not identified the Doe defendants, nor has he advised the court if or why he is unable to do so.

Based on the plaintiff's failure to identify the Doe defendants and respond to Sheriff Ball's motion, the court will grant the sheriff's motion, dismiss Sheriff Ball and dismiss the case without prejudice for lack of diligence. See Fed. R. Civ. P. 41(b); Civil Local Rule 41(c) (E.D. Wis.).

### III. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration regarding a Monell claim and **DENIES AS MOOT** the plaintiff's motion for reconsideration regarding state law claims. Dkt. No. 12.

The court **GRANTS** defendant Ball's motion to dismiss. Dkt. No. 15. The court **ORDERS** that defendant Ball is **DISMISSED.**

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of diligence. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 22nd day of December, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**